IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELICA SIEGIENCZUK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, CHICAGO POLICE | ) | |
| OFFICER PAZ, and CHICAGO POLICE | ) | JURY DEMAND |
| OFFICER JOHN DOES 1-3, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1. During the summer of 2020, the United States was in the throes of the largest social justice movement in history. In a repudiation of anti-Black racism, white supremacy, police violence, and mass criminalization and incarceration, millions joined demonstrations around the globe—often lifting up the names of George Floyd, Breonna Taylor, Tony McDade, Jacob Blake, and too many other Black people killed by police.

2. On May 30, 2020, Plaintiff Angelica Siegienczuk joined thousands of others in downtown Chicago to protest anti-Black police violence and demand substantial changes, including the massive reduction of taxpayer money being used to fund the Chicago Police Department ("CPD").

3. Plaintiff Siegienczuk was exercising her rights to freedom of speech and freedom of assembly when Chicago police officers unjustifiably subjected her to excessive force by shoving her, stepping on her hand, throwing her to the ground, and beating her with batons. After beating her, Chicago police officers falsely arrested Plaintiff Siegienczuk and held her in custody for approximately ten hours before releasing her with no charges.

1

4. The actions of the Chicago police officers were in violation of Plaintiff's constitutional right to free speech and assembly, her right to be free from unreasonable and unnecessary force, and her right to be free from unreasonable search and seizure guaranteed by the First, Fourth, and Fourteenth Amendments to the U.S. Constitution. Plaintiff Siegienczuk seeks just compensation for her bodily injuries, pain and suffering, mental anguish, humiliation, loss of personal freedom, and other damages she suffered as a result of the violation of her rights.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a). This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over claims arising under Illinois state law.

6. Venue is proper in this district under 28 U.S.C. § 1391(b) because the events giving rise to the claims asserted in this complaint occurred in this judicial district.

## PARTIES

7. Plaintiff Angelica Siegienczuk is a 20-year-old white resident of Park Ridge, Illinois who uses she/they pronouns.

8. Defendant City of Chicago is and at all times mentioned herein was a municipality organized and operating under the statutes of the State of Illinois. It is authorized under the statutes of the State of Illinois to maintain the Chicago Police Department, which acts as the City's agent in the areas of municipal law enforcement, and for which the City is ultimately responsible. Defendant City was, at all times material to this Complaint, the employer and principal of the Defendant Officers.

9. Defendants Officer Paz and Officer John Does 1-3 are City of Chicago employees with the CPD. At all times relevant to the events at issue in this case, these defendants were

acting under color of law and within the scope of their employment with the CPD. Each is sued in his or her individual capacity for violating Plaintiff's rights guaranteed by the U.S. Constitution and Illinois state law.

## FACTUAL ALLEGATIONS

10. On May 25, 2020, Minneapolis police officers murdered George Floyd when they suffocated him to death while he was handcuffed in a prone position on the ground in broad daylight on the street. Floyd begged to breathe, for his mother, and for his life, and witnesses begged the officers to let him go, before he ultimately took his last breath.

11. Floyd's murder and the police murder of Breonna Taylor in her home in Louisville, Kentucky, in addition to recent police murders of too many additional Black people throughout the United States, sparked the largest social justice movement in the history of the United States and has included protests around the world against anti-Black police violence, white supremacy, systemic racism, and inequality.

12. In Chicago, on May 30, 2020, there were massive demonstrations against anti-Black police violence downtown and in the River North area.

13. In the afternoon on May 30, 2020, Plaintiff Siegienczuk joined a protest in solidarity with Black lives that wound up on the steps of Trump Tower.

14. At approximately 2:45 p.m., Chicago police officers told Plaintiff Siegienczuk to get off the steps, and she complied with this instruction.

15. As Plaintiff Siegienczuk walked down the steps, Defendant Officer Paz, without any warning or justification, shoved her, causing her to tumble to the ground.

16. While Plaintiff Siegienczuk was on the ground, Defendant Officer Paz, without any warning or justification, stepped on and injured her hand.

17. Plaintiff Siegienczuk collected herself and joined many other protesters on Wabash Avenue. Plaintiff Siegienczuk and other protesters sat down on the ground.

18. At around 3:30 p.m., Chicago police officers dressed in riot gear surrounded Plaintiff Siegienczuk and the other protesters while she was still sitting down. Chicago police officers then began to advance toward Plaintiff and the protesters without giving any warning or dispersal order.

19. Chicago police officers then started wielding their batons, yelling at Plaintiff Siegienczuk and the other protesters to move, even though the protesters had nowhere to go because they were hemmed in by Chicago police officers on all sides.

20. Without justification, an unidentified Chicago police officer struck Plaintiff Siegienczuk's head with his baton.

21. Without justification, the unidentified Chicago police officer then threw Plaintiff Siegienczuk to the ground where he and two additional unidentified Chicago police officers beat her with their batons, striking her multiple times on her head and body.

22. One or more of the unidentified Chicago police officers proceeded to arrest Plaintiff Siegienczuk, despite having no probable cause to believe that she had committed or was about to commit an offense. The Defendant Officers placed her in zip ties while she was on the ground after having been beaten, and took her into police custody.

23. Plaintiff Siegienczuk was taken to the 18th precinct. While in CPD lockup, as a direct and proximate result of Defendant Officers having beaten her, Plaintiff Siegienczuk developed blurred vision and vomited. She was taken to AMITA Health Saints Mary and Elizabeth hospital, treated, and returned to CPD lockup in the evening.

24. After approximately ten hours in CPD custody, during which time the police never gave her the option to make a phone call, Plaintiff Siegienczuk was released the next day around 2:30 a.m. with no charges.

25. Plaintiff Siegienczuk did not physically attack, assault, threaten, or resist the Defendant Officers or any other Chicago police officer at any time or in any way.

26. Plaintiff Siegienczuk did not commit any unlawful act and was engaging in constitutionally protected activity.

27. As a direct and proximate result of the actions of the Defendant Officers as detailed above, Plaintiff Siegienczuk suffered and continues to suffer, *inter alia*, bodily injuries, including bruises to her head and body, as well as pain and suffering, extreme mental distress, anguish, and fear.

## LEGAL CLAIMS

### COUNT I – 42 U.S.C. § 1983
### Violation of the Fourth Amendment – Excessive Force

28. Plaintiff Siegienczuk repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

29. Count I is alleged against all Defendant Officers.

30. The actions of the Defendant Officers described above constituted unreasonable and excessive force, without legal cause, in violation of Plaintiff Siegienczuk's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

31. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff Siegienczuk's clearly established constitutional rights.

32. The actions of the Defendant Officers were the direct and proximate cause of the violations of Plaintiff Siegienczuk's constitutional rights, bodily injury, pain, suffering, mental distress, anguish, humiliation, and loss of personal freedom, as set forth more fully above.

**COUNT II – 42 U.S.C. § 1983**
**Violation of the First Amendment – Freedom of Speech and Assembly, Intimidation and Retaliatory Use of Force**

33. Plaintiff Siegienczuk repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

34. Count II is alleged against all Defendant Officers.

35. As described in detail above, Plaintiff Siegienczuk was participating in lawful, constitutionally protected activity on the public streets of the City of Chicago.

36. The actions of the Defendant Officers described above violated Plaintiff Siegienczuk's rights to freedom of speech and assembly guaranteed by the First and Fourteenth Amendments to the United States Constitution, in that Plaintiff Siegienczuk was abruptly prevented from further exercising her rights and suffered retaliation for having exercised her rights.

37. The Defendant Officers retaliated against Plaintiff Siegienczuk for engaging in protected speech by subjecting her to excessive force without legal justification. Plaintiff Siegienczuk's protected speech was the substantial and motivating factor for the Defendant Officers' use of force against her. The Defendant Officers' actions were intended to make Plaintiff Siegienczuk and other people engaging in constitutionally-protected speech and assembly at the protest wary of continuing to engage in such protected activities in the future and specifically to chill their rights guaranteed under the First Amendment.

6

38. At all relevant times, the Defendant Officers were aware that Plaintiff Siegienczuk was engaged in constitutionally-protected speech and assembly when they violated her rights. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff Siegienczuk's clearly established constitutional rights.

39. The actions of the Defendant Officers were the direct and proximate cause of the violations of Plaintiff Siegienczuk's constitutional rights, bodily injury, pain, suffering, mental distress, anguish, humiliation, and loss of personal freedom, as set forth more fully above.

### COUNT III – 42 U.S.C. § 1983
### Violation of the Fourth Amendment – False Arrest

40. Plaintiff Siegienczuk repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

41. Count III is alleged against Defendant Officers John Does 1-3.

42. The actions by the Defendant Officers in falsely detaining, arresting, and imprisoning Plaintiff without reasonable suspicion or probable cause violated Plaintiff Siegienczuk's Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

43. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff Siegienczuk's clearly established constitutional rights.

44. The actions of the Defendant Officers were the direct and proximate cause of the violations of Plaintiff Siegienczuk's constitutional rights, bodily injury, pain, suffering, mental distress, anguish, humiliation, loss of personal freedom, and legal expenses, as set forth more fully above.

## COUNT IV – 42 U.S.C. § 1983
**Conspiracy to Deprive Plaintiff of Her Constitutional Rights**

45. Plaintiff Siegienczuk repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

46. Count IV is alleged against all Defendant Officers.

47. Each of the Defendant Officers, acting in concert with other known and unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful means.

48. Each of the Defendant Officers took concrete steps to enter into an agreement to unlawfully use force on Plaintiff Siegienczuk, and to detain and arrest Plaintiff Siegienczuk, knowing they lacked reasonable suspicions and/or probable cause to do so, and for the purpose of violating Plaintiff Siegienczuk's First, Fourth, and Fourteenth Amendment rights.

49. In furtherance of this conspiracy, each of the Defendant Officers committed specific overt acts, misusing their police powers for the purpose of violating Plaintiff Siegienczuk's rights. They accomplished this goal by using excessive force on Plaintiff Siegienczuk and unlawfully arresting her.

50. Each individual Defendant Officer is therefore liable for the violation of Plaintiff Siegienczuk's rights by any other individual Defendant Officer.

51. As a direct and proximate result of the Defendant Officers' conspiracy, Plaintiff Siegienczuk suffered damages, including bodily injury, pain, suffering, mental distress, anguish, humiliation, and loss of personal freedom, as set forth more fully above.

## COUNT V – 42 U.S.C. § 1983
**Failure to Intervene**

52. Plaintiff Siegienczuk repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

53. Count V is alleged against all Defendant Officers.

54. During the events described above, the Defendants stood by without intervening to prevent the violation of Plaintiff Siegienczuk's constitutional rights under the First, Fourth, and Fourteenth Amendments, even though they had the opportunity and duty to do so.

55. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff Siegienczuk's clearly established constitutional rights.

56. As a direct and proximate result of the Defendants' failure to intervene, Plaintiff Siegienczuk suffered damages, including bodily injury, pain, suffering, mental distress, anguish, humiliation and loss of personal freedom, as set forth more fully above.

## COUNT VI – Illinois State Law Claim
## Violations of the Illinois Constitution

57. Plaintiff Siegienczuk repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

58. Count VI is alleged against all Defendant Officers.

59. The actions taken by the Defendant Officers denied Plaintiff Siegienczuk her state constitutional rights to be free from an unreasonable seizure and to free expression and assembly in a peaceable manner, as provided by the Illinois Constitution, Article I, sections 1, 2, 4, 5, and 6, and were a direct and proximate cause of Plaintiff Siegienczuk's injuries as set forth above.

60. The actions of the Defendant Officers were the direct and proximate cause of the violations of Plaintiff Siegienczuk's Illinois State Constitutional Rights.

## COUNT VII – Illinois State Law Claim

**Assault and Battery**

61. Plaintiff Siegienczuk repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

62. Count VII is alleged against all Defendant Officers.

63. As described in detail above, the Defendant Officers physically abused Plaintiff Siegienczuk by shoving her, stepping on her, throwing her, and striking and beating her with batons, causing bodily harm.

64. The actions of the Defendant Officers were affirmative acts and threatened to cause or did cause an unpermitted contact of a harmful and/or offensive nature, to which Plaintiff Siegienczuk did not consent, and thus constitute assault and battery under laws of the State of Illinois.

65. The actions of the Defendant Officers were committed in a willful and wanton manner.

66. The Defendant Officers' actions directly and proximately caused injury and damage as set forth above.

**COUNT VIII – Illinois State Law Claim**
**Intentional Infliction of Emotional Distress**

67. Plaintiff Siegienczuk repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

68. Count VIII is alleged against all Defendant Officers.

69. The conduct and actions of the Defendant Officers set forth above were extreme and outrageous. The Defendants' actions were rooted in an abuse of power and authority, and were done intentionally, willfully and wantonly, and/or knowing that there was a high

probability that their conduct would cause Plaintiff Siegienczuk severe emotional distress as set forth above.

70. As a direct and proximate cause of the extreme and outrageous conduct of the Defendant Officers, Plaintiff Siegienczuk was injured and experienced severe emotional distress constituting intentional infliction of emotional distress under Illinois State law.

### COUNT IX – State Law Claim
### False Arrest

71. Plaintiff Siegienczuk repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

72. Count IX is alleged against Defendant Officers John Does 1-3.

73. As described in detail above, the Defendant Officers falsely detained, arrested, and imprisoned Plaintiff Siegienczuk without reasonable suspicion or probable cause and without having reasonable grounds to believe that an offense was committed by Plaintiff Siegienczuk.

74. The misconduct in this Count was undertaken intentionally, with malice, willfulness, and reckless indifference to the Plaintiff's rights.

75. The actions of the Defendant Officers were the direct and proximate cause of the violations of Plaintiff Siegienczuk's rights, bodily injury, pain, suffering, mental distress, anguish, humiliation, and loss of personal freedom, as set forth more fully above.

### COUNT X – Illinois State Law Claim
### Conspiracy

76. Plaintiff Siegienczuk repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

77. Count X is alleged against all Defendant Officers.

78. The Defendant Officers together reached an understanding, engaged in and continue to engage in a course of conduct, and otherwise jointly acted and/or conspired among and between themselves to violate Plaintiff Siegienczuk's rights guaranteed by the Illinois constitution and to be free from false arrest and the intentional infliction of severe emotional distress on Plaintiff Siegienczuk.

79. In furtherance of this conspiracy or conspiracies, the Defendant Officers, together with their un-sued co-conspirators, committed the overt acts set forth above.

80. The Defendant Officers acted with malice, willfulness, and reckless indifference to Plaintiff Siegienczuk's rights.

81. Each individual Defendant is therefore liable for the violation of Plaintiff Siegienczuk's rights by any other individual Defendant.

82. The conspiracy or conspiracies were and are continuing in nature.

83. As a direct and proximate result of the Defendant Officers' conspiracy, Plaintiff Siegienczuk suffered damages, including mental distress, anguish, humiliation, and violations of her rights, as set forth more fully above.

## COUNT XI – State Law Claim
## Respondeat Superior

84. Plaintiff Siegienczuk repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

85. Count XI is alleged against Defendant City of Chicago.

86. In committing the acts alleged in this Complaint, each of the individual Defendant Officers were members of, and agents of, the CPD, acting at all relevant times within the scope of their employment.

87. Defendant City of Chicago is liable as principal for all torts in violation of state law committed by its agents.

### COUNT XII – State Law Claim
### Indemnification

88. Plaintiff Siegienczuk repeat and re-allege the foregoing paragraphs as if fully set forth herein.

89. Count XII is alleged against Defendant City of Chicago.

90. In Illinois, pursuant to 735 ILCS 10/9-102, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

91. The Defendant Officers acted within the scope of their employment in committing the misconduct described herein. Therefore, Defendant City of Chicago is liable as their employer for any resulting damages or award of attorney's fees.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff Siegienczuk requests that this Court enter judgment in her favor against the Defendants in the following manner:

1. Award Plaintiff compensatory and punitive damages.

2. Award Plaintiff reasonable attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988.

3. Award Plaintiff such other and further relief as this Court may deem appropriate and just.

### JURY DEMAND

Plaintiff demands trial by jury.

Dated: May 27, 2021

          Respectfully submitted,

          /s/ Vanessa del Valle
          Vanessa del Valle

          Vanessa del Valle
          Roderick and Solange MacArthur Justice Center
          Northwestern Pritzker School of Law
          375 East Chicago Avenue
          Chicago, IL 606611-3609
          312-503-5932
          vanessa.delvalle@law.northwestern.edu

          /s/ Sheila A. Bedi
          Sheila A. Bedi

          Sheila A. Bedi
          Community Justice and Civil Rights Clinic
          Northwestern Pritzker School of Law
          375 East Chicago Avenue
          Chicago, IL 60611-3609
          312-503-8576
          sheila.bedi@law.northwestern.edu

          /s/ Joey L. Mogul
          Joey L. Mogul

          Joey L. Mogul, Janine Hoft, Ben Elson
          Jan Susler, Brad Thomson
          People's Law Office
          1180 N. Milwaukee Ave.
          Chicago, IL 60642
          773-235-0070
          joeymogul@peopleslawoffice.com
          janinehoft@peopleslawoffice.com
          ben@peopleslawoffice.com
          brad@peopleslawoffice.com
          jsusler@peopleslawoffice.com

          Sierra Reed, Tia Haywood, Wayne Slaughter
          Shiller Preyar Jarard & Samuels Law Offices

        at the Westside Justice Center
        601 South California
        Chicago Illinois 60612-3305
        312-226-4590
        info@shillerpreyar.com